**Gerald L. SHARGEL, Attorney in Behalf of Vincent Aloi, Petitioner-Appellee,**

v.

**Louis J. LEFKOWITZ, Attorney General of the State of New York, Respondent-Appellant,**

and

**Charles E. Fenton, Warden of the Federal Penitentiary at Lewisberg, as Agent for the State of New York, Respondent.**

**No. 656, Docket 78–2143.**

United States Court of Appeals, Second Circuit.

Argued Feb. 6, 1979.

Decided March 13, 1979.

Henry J. Steinglass, Asst. Dist. Atty., New York City (Robert M. Morgenthau, Dist. Atty., New York County, Robert M. Pitler, Asst. Dist. Atty., New York City, of counsel), for respondent-appellant.

Gerald L. Shargel, New York City (Fischetti & Shargel, New York City, of counsel), for petitioner-appellee.

Before WATERMAN, MANSFIELD and TIMBERS, Circuit Judges.

**PER CURIAM:**

■ The State of New York appeals from a judgment of the United States District Court for the Southern District of New York, Gerard L. Goettel, *Judge,* entered on October 13, 1978, granting the petition of Gerald L. Shargel for a writ of habeas corpus on behalf of Vincent Aloi, who was convicted by the New York Supreme Court of perjury in the first degree, N.Y.Penal Law § 210.15, after a jury trial for giving false material testimony before a grand jury. Under New York Criminal Procedure Law §§ 50.10(1) and 190.40 Aloi automatically received transactional immunity which did not extend to perjurious testimony.[1] At the jury trial of Aloi for perjury the state trial judge, although the defendant's alleged false testimony wherein he denied ever being at a certain apartment in Nyack, New York, constituted but a small portion of the 92-page transcript of his entire grand jury testimony, admitted into evidence over Aloi's objection the entire transcript (except for a few minor deletions) on the ground that it could be used by the jury to determine the materiality of the alleged false statements and whether the defendant knew they were false. The district court, relying heavily upon the Third Circuit's decision in *United States v. Apfelbaum,* 584 F.2d 1264 (3d Cir. 1978), granted the writ on the ground that the state was precluded by the grant of immu-

1. Section 50.10(1) of the New York Criminal Procedure Law provides in pertinent part:

"A person who has been a witness in a legal proceeding, and who cannot, except as otherwise provided in this subdivision, be convicted of any offense or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he gave evidence therein, possesses 'immunity' from any such conviction, penalty or forfeiture. A person who possesses such immunity may nevertheless be convicted of perjury as a result of having given false testimony in such legal proceeding, and may be convicted of or adjudged in contempt as a result of having contumaciously refused to give evidence therein."

Section 190.40 provides in pertinent part:

"1. Every witness in a grand jury proceeding must give any evidence legally re-

quested of him regardless of any protest or belief on his part that it may tend to incriminate him.

"2. A witness who gives evidence in a grand jury proceeding receives immunity unless:".

Although a grant of immunity to a witness must be co-extensive with his Fifth Amendment privilege against self-incrimination, *Kastigar v. United States,* 406 U.S. 441, 448–49, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972), this does not preclude prosecution of the witness for giving perjurious testimony under the grant, *United States v. Tramunti,* 500 F.2d 1334, 1342 (2d Cir.), *cert. denied,* 419 U.S. 1079, 95 S.Ct. 667, 42 L.Ed.2d 673 (1974). Otherwise the purpose of the immunity grant, which is to obtain the witness' truthful testimony, would be defeated.

nity from introducing any of Aloi's immunized testimony except "the perjurious statements alleged in the indictment plus the minimal relevant and essential other testimony necessary to be able to place the alleged perjury in its proper context."

In *Cameron v. United States,* 231 U.S. 710, 720–24, 34 S.Ct. 244, 58 L.Ed. 448 (1914), the Supreme Court, in holding that truthful immunized testimony by the defendant in one proceeding was protected by a statutory grant of immunity from use to prove perjury in another proceeding,[2] indicated that the testimony might be used "for any legitimate purpose in establishing" the perjury in the same proceeding, 231 U.S. at 721, 34 S.Ct. at 247. The state contends that this language authorizes a more liberal standard than that applied in *Apfelbaum, supra,* which made no reference to *Cameron.*

■ We find it unnecessary to decide in this case whether the *Apfelbaum* or some more liberal standard should be applied to determine the extent to which Aloi's immunized testimony may be used to prove that he gave perjurious testimony in the same proceeding since, even under the more liberal *Cameron* standard, it was clearly improper to admit virtually all of his immunized grand jury testimony. Since it was not shown that all of his testimony was false, the testimony could not have been admitted as unprotected by the grant of immunity. Assuming at least some of it was truthful, it had no probative value in determining whether the alleged perjurious portion was intentionally false.

Accordingly the judgment of the district court is affirmed.

---

**2.** See, in accord, *United States v. Housand,* 550 F.2d 818, 823 (2d Cir.), *cert. denied,* 431 U.S. 970, 97 S.Ct. 2931, 53 L.Ed.2d 1066 (1977);

*United States v. Berardelli,* 565 F.2d 24, 28 (2d Cir. 1977).